**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

|  |  |  |
|---|---|---|
| **ROYLEE SMITH,** | : | |
| **Plaintiff** | : | |
| **VS.** | : | |
| **FRANK PENNINGTON, II,** | : | |
| **Defendant** | : | **5:15-CV-426 (MTT)** |
| | : | **O R D E R** |

Plaintiff RoyLee Smith, an inmate at Valdosta State Prison ("VSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the prosecuting attorney in his 2012 criminal case (ECF No. 1).  By Order dated November 19, 2015, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to the three-strikes provision of 28 U.S.C. § 1915(g) and dismissed his case because he failed to pre-pay the Court's filing fee.[1]

On December 1, 2015, the Court received two post-judgment motions from Plaintiff wherein he asked to amend his complaint (ECF Nos. 7, 8).  Plaintiff's post-judgment motions and the Court's Order dismissing Plaintiff's complaint crossed in the mail.  The Court, by Order dated December 7, 2015, fully considered Plaintiff's

---

[1] The undersigned additionally noted that venue was improper in the Middle District and that the complaint should be dismissed for several alternative reasons (*Id.*).

post-judgment motions, but denied them as futile, finding his first motion rehashed the frivolous arguments raised in his original complaint and his second motion improperly cast an entirely new complaint concerning prison conditions at VSP (ECF No. 9).

Plaintiff has now filed another pleading in the Court (ECF No. 10), which is construed to be a Rule 59(e) motion to amend or alter judgment.   *See* Fed. R. Civ. P. 59(e).   "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. . . . A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."   *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (brackets, citations, and internal quotation marks omitted).   Plaintiff has failed to suggest any error in law or fact that would justify the Court vacating its November 19th Order.   Nothing in Plaintiff's motion indicates that dismissal of his lawsuit was erroneous or otherwise unjust. Accordingly, Plaintiff's motion for reconsideration is hereby **DENIED**.

As this Court pointed out in its December 7th Order, "[i]f Plaintiff wishes to bring an action asserting claims arising out of his confinement at VSP, he must file a new lawsuit in which he names only the responsible VSP officials and states specific facts to satisfy the imminent danger exception to the three strike rule.   Alternately, Plaintiff may pay the entire $400.00 filing fee at the time of filing the new complaint."   The Court reiterates that, contrary to Plaintiff's assertions, Pennington bears no responsibility for Plaintiff's conditions of confinement at VSP.

2

**SO ORDERED**, this 11th day of December, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT